UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD AMONSON,  6:14-cv-1531-TC

Plaintiff,

FINDINGS & RECOMMENDATION

v.

Commissioner of Social Security,

Defendants.

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff asserts disability beginning November 1, 2008, due to chronic pain syndrome, multi-level degenerative disk disease, hypertension, disability neurosis, attention deficit disorder, and depression. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled because he can perform his past relevant work and, in the alternative, can perform other work. Plaintiff contends that the ALJ erred in determining that plaintiff could perform his past relevant work and in failing to provide an adequate residual functional capacity (RFC) determination.

Page 1 - ORDER

The Commissioner concedes that the ALJ erred with respect to finding plaintiff able to perform his past relevant work. Thus, the issue is whether the ALJ appropriately determined that plaintiff can perform other work. In this regard, plaintiff asserts that the ALJ erred in: (1) determining that he can frequently handle and finger; (2) failing to quantify plaintiff's limitations regarding sitting and standing; and (3) failing to clarify the medical record. Accordingly, plaintiff asserts the ALJ improperly determined his RFC and thus his ability to perform other work.

A.    Limitation Regarding Handling and Fingering

Although the ALJ provided an extensive discussion of the medical record, including recurrent opinions of exaggerated pain behavior, plaintiff asserts that the ALJ cited no medical evidence when limiting him to only frequent handling and fingering.[1] Here, plaintiff appears to confuse the ALJ's burden of determining whether other work exists in the national economy with his own burden of demonstrating his limitations.

While plaintiff asserts limitations regarding fingering and handling, the ALJ found him to lack credibility, a finding to which plaintiff does not object. In such circumstances, the ALJ need only take into account those limitations for which there was record support that did not depend on subjective complaints. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ specifically found that while Dr. Carroll did, on one occasion, find weak grip and a positive Tinel's sign, neither prevented plaintiff from subsequently performing drafting work. Tr. 24. Moreover, the ALJ noted that even when he did raise the issue with Dr. Carroll, plaintiff almost immediately

---

[1] Plaintiff's prior employment did require constant fingering and handling, but the ALJ also determined that plaintiff could perform other work as a wire worker which could accommodate limitation found.

Page 2 - ORDER

indicated that he did not want to pursue treatment and no further signs or findings are noted in the record. Tr. 24. Plaintiff points to no evidence to support a finding of a more restrictive limitation and, in fact, Dr. Richard Alley opined that plaintiff has no manipulative limitations. Tr. 138, 404.

B.      Limitations Regarding Sitting and Standing

Curiously, plaintiff argues that the ALJ failed to address the frequency of his need to change from sitting to standing. However, the ALJ explicitly determined that plaintiff would need to change positions as needed or on demand. Tr. 86.

Plaintiff also argues that the ALJ failed to comply with SSR 96-9p by failing to indicate how long it would take to change positions. However, SSR 96-9p only applies when the RFC falls into the less than full range of sedentary work. Here, the ALJ determined that plaintiff falls into less than full range of light work category which is governed by SSR 83-12.[2] In such cases, the ALJ should call upon a vocational expert to clarify the implication for the occupational base. The ALJ did consult a vocational expert who opined that the need to change from sitting to standing at will did not exclude work as a wire worker. Tr. 87.

Plaintiff also suggests that the ALJ failed to comply with SSR 96-8p by not identifying what medical evidence he relied on in forming the RFC. However, as noted above, the ALJ provided an

---

[2]It should be noted that SSR 96-9p does not require the ALJ to identify the time it takes to change from sitting to standing, but requires examination of facts such as the frequency of the need to alternate from sitting to standing and the length of time needed to stand. The ALJ did address this issue and consulted a vocational expert as to the implications for work. To the extent plaintiff asserts that the need to change from sitting to standing would force him off task, there is no support in the record for such a finding beyond plaintiff's own subjective implication of such limitation. As noted, the ALJ appropriately determined that plaintiff lacked credibility regarding his subjective complaints.

Page 3 - ORDER

extensive discussion of the medical record and specifically cited medical opinion that limited plaintiff to light work. See Tr. 16-29. Morever, plaintiff fails to identify, with record support beyond his own subjective complaints, what limitations the ALJ failed to include.

C.      Clarification of the Medical Record

Plaintiff also asserts that the ALJ "ignored his opportunity to seek clarification from a medical source of record in an effort to ascertain [plaintiff's] true and actual restrictions." It is unclear what plaintiff means given his argument that ALJ failed to cite any medical evidence to support his RFC determination. However, as noted above, the ALJ provided extensive discussion of the medical record. An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). Plaintiff fails to identify any legitimate inadequacies or ambiguities. The ALJ's RFC determination adequately identified those limitations supported by the medical evidence and he properly relied on the vocational expert in determining that such limitations did not preclude all work.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner should be affirmed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation

within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 26 day of October 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge